(C.D. 3110)

CASTELAZO & ASSOCIATES  
JOHN PAYTON CO. ET AL. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 11, 1967)

*Glad & Tuttle* for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, have been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the items marked "A" and initialed NMG (S.C.S. Initials) by the Senior Commodity Specialist Norman M. Guillow (S.C.S. Name) on the invoices covered by the protests listed on Schedule "A" attached hereto and made a part hereof and assessed with duty at 18 per cent ad valorem under Item 682.70 T.S.U.S., consist of permanent magnets.

2. That the merchandise covered by the entries enumerated in Schedule "A" was entered or withdrawn from warehouse on or after August 31, 1963, the effective date of the Tariff Schedules of the United States.

3. That said protests were filed on all of the entries enumerated in said Schedule "A" under Section 514 of the Tariff Act of 1930, as amended, within 60 days after the dates of liquidation thereof, and that said protests are pending for decision by this Court.

4. That within 120 days after the date of the enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, a request was filed with the Collector of Customs at the port of entry for reliquidation pursuant to Sec. 36(g) of said Public Law 89–241 at the rate of duty of 16 per cent ad valorem under said Item 682.70 T.S.U.S.

5. That the protests enumerated in Schedule "A" be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid.

Accepting the foregoing stipulation of fact, we find and hold that the merchandise marked "A" and initialed on the invoices by the designated senior commodity specialist consists of permanent magnets. Therefore, the claim in the protest that said merchandise is properly dutiable at the rate of 16 per centum ad valorem under the provisions of item 682.70, Tariff Schedules of the United States, is sustained.

Judgment will be entered accordingly.